## The Planters' and Merchants' Bank of Huntsville *against* James B. Walker.

*December, 1825.*

IN the Circuit Court of *Madison* County, *James B. Walker* recovered a judgment on motion against the President, Directors, and Company of the Planters' and Merchants' Bank of *Huntsville*, for the amount three Bank notes of said Bank for $50 each, which he had duly presented for payment, and payment of which had been refused. The judgment was by default, and the defendants, on writ of Error to this Court, among other matters assigned as Error—That it does not appear that notice was served on the Planters' and Merchants' Bank of *Huntsville*, or on the President or Cashier of said Bank.

*Sheriff's return of service of notice on W. G. H. cashier, &c. not evidence that he was Cashier, on a motion for judgment under the Statute.*

Judge *Gayle* delivered the opinion of the majority of the Court.

The Statute authorising a recovery on motion on such grounds as are stated in this Record, makes the service of notice on the President or Cashier of the Bank by the Sheriff of the County sufficient to make the Bank a party defendant. By the return of the Sheriff in this case it appears that the notice was served by him on " *Wm. G. Hill*, Cashier of the Bank." By the Record it is not shewn that it appeared to the satisfaction of the Court that *Hill* was such Cashier.

It seems to us that the official duties of the Sheriff did not require him to certify in his return who was the Cashier.

DECEMBER, 1825.

Wyatt
v.
Campbell.

*Reports of Cases argued and determined*

DECEMBER, 1825.

Bank of Hunts-
ville.
v.
Jas. B. Walker.

His return proved only that service was made on a parti-
cular individual, not that such individual was Cashier. He
being only an agent of the Bank, his identity must be ascer-
tained, as other facts are, by proof. The Sheriff might
serve the notice on a stranger having no connexion with the
Bank, and judgment might thus, on motion, be rendered
against the Corporation without an opportunity of making
defence.

The other Errors assigned are conceived to be unavaila-
ble. But it is the opinion of the majority of the Court that
for this the judgment must be reversed.

Judge *Crenshaw.*—I concur with the majority of the
Court in thinking, that as this is a summary and extraor-
dinary remedy, the Record should shew that the plaintiff in
the motion had complied with all which the Statute requires
to entitle him to the remedy. But I think that the plaintiff
has done all this in the present case. I cannot think that it
was contemplated by the Statute that the plaintiff should
prove that the person on whom, the notice was served was
the Cashier. It is enough that the Sheriff certifies that he
served it on the Cashier ; and if the service was on one who
was not cashier, the matter might have been plead in abate-
ment, in the same manner as pleas in abatement in ordinary
actions. I am of opinion that the judgment should be af-
firmed.

By the majority of the Court. Judgment reversed.

*Clay* and *Hopkins* for plaintiff.

*Kelley* and *Hutchinson* for defendant in Error.